# Promissory Note

$1,575,000.00                                                                                                                       April 5, 2024

This Promissory Note (**Note**) is between EVP Holdings, LLC (**Borrower**) and James A. Morse Jr. Marital Trust (**Lender**). Borrower promises to pay to Lender the principal amount of $1,575,000.00 (**Principal**) plus interest at the rate of 17.5% per year (**Interest**). The Principal and Interest are collectively referred to in this Note as the **Obligations**. All payments are payable to Lender in lawful US currency at 800 E. Ellis Road Ste 168, Muskegon, Michigan 49441, or where otherwise designated in writing by Lender.

1. **Payment Terms.** All Principal is due on April 5, 2025. All accrued Interest in arrears is payable monthly beginning May 5, 2024, and thereafter on the 5th day of each month. If the payment terms exceed 12 months, the interest increases to 20% per annum of ninety (90) days following April 5, 2025. If the all the principal is not paid 90 days past the due date, interest will increase to 25% per annum until paid.

2. **Payment Amount.** Payments will be in the amount of $22,970.00 and will begin on May 5, 2024.

3. **Application of Payments.** All payments will be applied to payment of Principal, accrued Interest, and any charges and expenses (including reasonable attorney's fees, if any) in such order as Lender elects, except that payments will be applied to accrued Interest before Principal.

4. **Late Charges.** If any payment of Principal or Interest under this Note is past due by 15 days or more, Lender will be entitled to collect, to the extent permitted by applicable law, a late charge in an amount equal to (a) 3% of the payment. Lender may elect to waiver late charge if Borrower provides notice of a potential late payment.. All late charges will be deemed a penalty.

5. **Default.** In this Note, **Event of Default** means the occurrence of any of the following events or circumstances:

   (a) The failure of Borrower to make a payment when due under this Note, but subject to any notice or grace period provided for in the Related Agreements for curing a payment default

   (b) The occurrence of a default or event of default under the Related Agreements, but subject to any notice or grace period provided for in the Related Agreements for curing such default or breach

If an Event of Default occurs, Lender may declare all of the Obligations to be immediately due or enter into a forbearance agreement to remedy the default.

6. **Remedies.** Upon the occurrence of any Event of Default, the entire Principal balance of this Note and all accrued and unpaid Interest may become due and payable. Lender will be entitled

to pursue all rights and remedies available to Lender at law or in equity, regardless of whether Lender has accelerated the indebtedness evidenced by this Note. The failure of Lender to exercise any right with respect to any default will not constitute a waiver of such right. Acceptance by Lender of partial payments or partial performance will not constitute a waiver of Borrower's obligation to fully and immediately discharge all sums then due and to perform all of Borrower's covenants and agreements under this Note. Parties agree to have good faith discussions concerning resolution before other remedies are pursued.

7.      **Waivers**. Borrower waives presentment for payment, demand, notice of nonpayment (whether at maturity or otherwise), notice of dishonor and protest, and any lack of diligence or delays in collection or enforcement of every kind.

8.      **Prepayment**. Borrower may prepay all or any portion of the then outstanding Principal without premium or penalty of any kind. Any accrued Interest on the prepaid portion of the Principal must be paid concurrently with the prepayment of the Principal. There is no prepayment penalty and Lender would not be entitled to any future interest if prepaid. Interest to be calculated on remaining principal balance if not paid in full.

9.      **Maximum Permissible Interest Rate**. No provision of this Note establishes or requires the payment of Interest at a rate in excess of the maximum rate permitted by law. If the Interest required to be paid under this Note exceeds the maximum rate permitted by law, it will automatically be reduced to the maximum rate permitted by law. If any Interest paid exceeds the then applicable legal rate, the excess Interest paid over the maximum amount permitted by law will automatically be applied

   (a)   to reduce any unpaid costs,

   (b)   to reduce any accrued and unpaid Interest, and then

   (c)   to reduce Principal.

Any remaining balance will be refunded to Borrower.

10.     **Successors and Assigns**. The covenants and agreements contained in this Note will bind and inure to the benefit of the parties and their respective heirs, executors, administrators, personal representatives, successors, and assigns. Borrower may not assign or delegate Borrower's obligations in this Note without Lender's prior written consent, which may be given or withheld in Lender's sole and absolute discretion.

11.     **Governing Law**. This Note and the rights and duties of the parties will be construed and determined in accordance with the laws of the state of Michigan (without giving effect to any choice or conflict of law provisions), and all actions to enforce the provisions of this Note will be brought only in a court of competent jurisdiction in the state of Michigan.

Signed: April 5, 2024

Lender

_____
Robert J. Morse

Lender

_____
Andrew Morse

Lender

_____
Nathan Morse

EVP Holdings, LLC

_____
By:   Matthew Lavender
Its:   CEO

EGC Enterprises, LLC

_____
By:   Craig Flocken
Its:   Managing Member