IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES A. MORSE JR. MARITAL TRUST,

    Plaintiff,

v

EVP HOLDINGS, LLC, a Michigan limited liability company, EGC ENTERPRISES, LLC, a Michigan limited liability company, MATTHEW LAVENDER, and CRAIG FLOCKEN, jointly and severally,

    Defendants.

CASE NO. 1:25-cv-00364

HON. ROBERT J. JONKER

Christopher S. Berry (P68580)
Kevin B. Even (P38599)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff
100 Monroe Center St. NW
Grand Rapids, MI 49503
616-774-8000
cberry@shrr.com; keven@shrr.com

## PLAINTIFF'S FIRST AMENDED COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed, and dismissed or transferred after having been assigned to a Judge.

Plaintiff, the James A. Morse Jr. Marital Trust, by and through its attorneys, SMITH HAUGHEY RICE & ROEGGE, for its Complaint against Defendants, EVP Holdings, LLC, EGC Enterprises, LLC, Matthew Lavender and Criag Flocken, alleges, on knowledge as to its own actions, as follows.

### INTRODUCTION

The James A. Morse Jr. Marital Trust, through its Trustee, Robert J. Morse, invested One Million

Five Hundred Seventy-Five Thousand Dollars ($1,575,000.00) to EVP Holdings, LLC, and EGC Enterprises, LLC. The investment represented capital provided in exchange for promises of repayment and membership interests in the business venture of Defendants set forth below.

Plaintiff made the loans and investments in full reliance upon material representations made by Defendants, Matthew Lavender and Craig Flocken that were knowingly false when made. The capital provided was used for other purposes than as represented and it appears that Plaintiff has lost the full amount of the investment for which it now seeks recovery.

## PARTIES

1. Plaintiff, The James A. Morse Jr. Marital Trust ("JMJ Trust"), u/a/d June 29, 1995, is a legally established trust in accordance with the laws of the State of Michigan.

2. Defendant, EVP Holdings, LLC ("EVP") is a Michigan limited liability company with a registered office at 1060 River Road West, Battle Creek, Michigan, and principal place of business in the State of Michigan.

3. Defendant, of EGC Enterprises, LLC ("EGC) is a Michigan limited liability company with a registered office at 1060 River Road West, Battle Creek, Michigan, and principal place of business in the State of Michigan and does business under the name of Evolution Grow Company.

4. Defendant, Matthew Lavender ("Lavender") is an individual residing in the State of Michigan and the registered agent of EVP.

5. Defendant Craig Flocken ("Flocken") is an individual residing in the State of Michigan and the registered agent of EGC.

## JURISDICTION AND VENUE

6. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. This includes claims brought under the

2

Securities Act of 1933 and the Securities Exchange Act of 1934.

7. Federal courts have exclusive jurisdiction over violations of the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder.

8. The matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and attorney fees.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and 15 U.S.C. § 77aa as a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Michigan. Additionally, venue is proper pursuant to contractual agreement.

## GENERAL ALLEGATIONS

11. Plaintiff incorporates the allegations of the preceding paragraphs by reference.

12. Evolutions Holding, LLC ("Evolutions Holding") is a Michigan Limited Liability Company having a registered office at 2370 E. Stadium Boulevard, #320, Ann Arbor, Michigan.

13. EGC Processing, LLC ("EGC Processing") is a Michigan Limited Liability Company having a registered office at 1060 River Road West, Battle Creek, Michigan.

14. EVLA Processing LLC ("EVLA Processing") is a Michigan Limited Liability Company having a registered office at 1060 River Road West, Battle Creek, Michigan.

15. HEVO3 LL ("HEVO3") is a Michigan Limited Liability Company having a registered office at 1060 River Road West, Battle Creek, Michigan and does business under the assumed name of "House Of Evolution Muskegon Heights" in Muskegon County, Michigan.

16. EVP, EGC, Evolutions Holding, EGC Processing, EVLA Processing and HEVO3 (the "Evolution Companies") are all managed and controlled by Lavender and Flocken.

17. Based on representations of Lavender and Flocken during 2022 and 2023 Plaintiff, The Robert J. Morse Trust, The James A. Morse Trust & Leah Rae Morse Trust, The Leah Rae Morse Trust, Nathan Morse, Andrew Morse and Robert Morse (collectively "Morse Family") made substantial monetary investments in the Evolution Companies ("Morse Family Investments") totaling Four Million Seven Hundred Thousand Dollars ($4,700,000.00).

18. The beneficiaries of the trusts identified in the foregoing paragraph and the individually named persons are all members of the Morse Family and all of whom, directly or indirectly were to benefit from the Morse Family Investments.

19. At various times during the months of February, March and April 2024, Lavender and Flocken represented to Plaintiff's trustee, Robert J. Morse ("RJM") that an additional infusion of capital was necessary to protect the Morse Family Investments.

20. The representations included a promise that if RJM "loaned/invested" another One Million Five Hundred Seventy-Five Thousand Dollars ($1,575,000.00) the money would be used for very specific improvements to make the Evolution Companies profitable and the improvements would allow for an additional revenue generation, on the conservative side, One Million Dollars ($1,000,000.00) in annual profits.

21. Lavendar and Flocken advised RJM that if he "loaned/invested" another One Million Five Hundred Seventy-Five Thousand Dollars ($1,575,000.00) to EVP and EGC, there would be monthly interest payments of Twenty-Two Thousand Nine Hundred Seventy Dollars ($22,970.00) and RJM would receive four (4) additional shares of EVP and four (4) additional shares of EGC and fifteen (15) additional shares of HEVO 3.  It was further promised that if the principal amount was not paid in full by the twelve (12) month maturity date, the APR increases to twenty percent (20%) for the next ninety (90) days, after that it increases to twenty-five percent (25%) APR until paid in full.

22. Lavender and Flocken represented to RJM that the infusion of capital was specifically

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

earmarked for capital improvements to benefit the Evolution Companies and to make them more profitable production and processing that would make the Morse Family Investments more valuable.

23. The representations of Lavender and Flocken included a commitment that the "$1,575,000 Loan/Investment" would be used for a "Pre-Roll Machine/Infusion Option/Grinder" and would be used to "complete the Muskegon Provisioning Center."

24. On or about April 10, 2024 and in reliance on the representations of Lavender and Flocken, James A. Morse Jr. Marital Trust provided One Million Five Hundred Seventy-Five Thousand Dollars ($1,575,000.00) ("Loan/Investment") to EVP and EGC and received a promissory note ("Note") for said amount from EVP and EGC along with additional shares of EVP, EGC and HEVO 3 to be issued to certain members of the Morse Family. See **ECF No. 1-1**.

25. The representations of Lavender and Flocken as set forth herein were false when made and known to be false by Lavender and Flocken.

26. At the time the representations above were made Lavender and Flocken knew the proceeds of the Loan/Investment would not be used as promised and were in fact were used for other purposes.

27. The Note provided that the principal amount of the Note, One Million Five Hundred Seventy-Five Thousand Dollars ($1,575,000.00) would be paid on April 5, 2025 and would accrue interest at the rate of seventeen and one-half percent (17.5%) per annum.

28. The Note further provided that all accrued interest in arrears would be payable monthly beginning May 5, 2024, and thereafter on the fifth (5th) day of each month.

29. The Note further provided that if the payment terms exceed twelve (12) months, the interest due would increase to twenty percent (20%) per annum following April 5, 2025.

30. The Note further provided that if the principal was not paid by April 5, 2025 the rate of interest would increase to twenty-five percent (25%) per annum until paid.

31. The Note is in default as EVP and EGC have failed to make payments when due.

5

**COUNT I – VIOLATIONS OF EXCHANGE ACT SECTION 10(b) and RULE 10b-5**

32. Plaintiff incorporates the allegations of the preceding paragraphs by reference.

33. By reason of the conduct described above, Lavender and Flocken, in connection with the sale of securities to Plaintiff, by the use of the means and instrumentalities of interstate commerce or the mails, directly or indirectly, knowingly or recklessly (1) employed devices, schemes, or artifices to defraud and (2) made untrue statements of material facts and omitted to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading, and (3) engaged in acts, practices, or courses of businesses which operated as a fraud or deceit upon Plaintiff, as a purchaser of securities.

34. All the misstatements and false statements made by Lavender and Flocken to Plaintiff, as aforesaid, were material, and were relied upon by Plaintiff in making its Loan/Investment decisions. Similarly, the information omitted as aforesaid would have been material to each Plaintiff's Loan/Investment decision.

35. Lavender and Flocken knew these representations were false and made those representations knowing that Plaintiff was unaware that they were false and would reasonably rely upon them to Plaintiff's detriment. Lavender and Flocken also knew that they were omitting information that would have been material to Plaintiff's Loan/Investment decisions had such information not been omitted, and such omissions were intentional by Lavendar and Flocken.

36. Plaintiff relied upon and would not have purchased the securities if it had known of Lavender and Flocken's misrepresentations, false statements, and omissions.

37. As a direct and proximate result, Plaintiff has been damaged by, and suffered economic loss, directly from Lavender and Flocken's misrepresentations, false statements, and omissions, in the amount of One Million Five Hundred Seventy-Five Thousand Dollars ($1,575,000.00) that was provided in

exchange for the Note.

38. Defendants' conduct, actions and omissions as set forth herein constitute a violation of 15 USC § 78j and 17 CFR §240.10b-5.

**COUNT II – CONVERSION IN VIOLATION OF MICHIGAN CODIFIED LAWS § 600.2919a**

39. Plaintiff incorporates the allegations of the preceding paragraphs as if fully rewritten herein.

40. Lavender and Flocken improperly exercised control over some of Plaintiff's Loan/Investment funds by converting a portion of those funds directly to their personal benefit.

41. Lavender and Flocken's conversion of Plaintiff's Loan/Investment took place in Michigan.

42. As a result of Lavender and Flocken's conversion, Plaintiff is entitled to treble the amount of actual damages pursuant to Michigan Codified Laws §600.2919a, in an amount to be proven at trial, and their attorney fees.

**COUNT III – FRAUD**

43. Plaintiff incorporates the allegations of the preceding paragraphs as if fully rewritten herein.

44. Lavender and Flocken made false representations concerning EVP and omitted material facts concerning how the proceeds from the Loan/Investment would be used to benefit EVP when they had a duty to make such disclosures, as set forth above.

45. Lavender and Flocken's misrepresentations and omissions were made with the knowledge that they were false and material or with reckless disregard to the truth of those misrepresentations and omissions.

46. Lavender and Flocken's misrepresentations and omissions were made with the intent that Plaintiff would rely on those misrepresentations and omissions.

47. Plaintiff reasonably relied on Lavender and Flocken's misrepresentation and omissions to its detriment and directly and proximately suffered damages as a result in an amount to be proven at trial.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

48. Lavender and Flocken's fraudulent misrepresentations and omissions were willful, wanton and malicious and had a substantial probability of causing harm and therefore constitute aggravated and egregious fraud entitling Plaintiff to punitive damages.

### COUNT IV – CONSTRUCTIVE TRUST

49. Plaintiff incorporates the allegations of the preceding paragraphs as if fully rewritten herein.

50. Lavender and Flocken obtained Plaintiff's Loan/Investment funds through fraud, actual or constructive, by commission of wrong, and by unconscionable conduct artifice, concealment, or questionable means, and expended a portion of said funds for their own personal benefit and for the benefit of Lavender's wife.

51. Lavender and Flocken should not, in equity and good conscience, be allowed to continue to hold and enjoy Plaintiff's Loan/Investment funds that it expended for such personal benefit, and such funds should be held in constructive trust for the benefit of and returned to Plaintiff.

### COUNT V – BREACH OF CONTRACT

52. Plaintiff incorporates the allegations of the preceding paragraphs as if fully rewritten herein.

53. On or about April 10, 2024 and in reliance on the representations of Lavender and Flocken, James A. Morse Jr. Marital Trust caused One Million Five Hundred Seventy-Five Thousand Dollars ($1,575,000.00) to be wired into an account as directed by EVP and in return Plaintiff received the "Note" for said amount from EVP and EGC.

54. Lavender signed the Note on behalf of EVP.

55. Flocken signed the Note on behalf of EGC.

56. Under Michigan law, the Note is a binding contract from which a breach of contract claim can arise.

57. EVP and EGC have materially breached the terms of the Note by, among other things, failing

to make payments to Plaintiff pursuant to its terms.

58. Plaintiff has suffered actual damages and economic loss in at least the amount of One Million Five Hundred Seventy-Five Thousand Dollars ($1,575,000.00) plus interest, costs, and attorney fees, as a direct and proximate result of Lavender and Flocken's breaches of the contract.

## COUNT VI – CIVIL CONSPIRACY

59. Plaintiff incorporates the allegations of the preceding paragraphs as if fully rewritten herein.

60. Lavender and Flocken conspired together with other persons, known and unknown, to market, sell and otherwise participate in the illegal sale of investments in violation of law and public policy, to fraudulently conceal its unlawful activity, and to unjustly enrich themselves at the expense of Plaintiff.

61. Lavender and Flocken committed numerous acts, separate and apart from the formation of the conspiracy, in furtherance of the conspiracy and its unlawful ends.

62. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to grant judgment in its favor and against Defendants as follows:

a. Recission of Plaintiff's Loan/Investment, with statutory interest pursuant to applicable statutes;

b. Awarding Plaintiff compensatory damages in an amount exceeding One Million Five Hundred Seventy-Five Thousand Dollars ($1,575,000.00);

c. Awarding Plaintiff treble damages for funds converted by Lavender and or Flocken pursuant to Michigan Codified Laws § 600.2919a;

d. Awarding Plaintiff its attorney fees and costs;

e. Awarding Plaintiff exemplary and punitive damages in an amount to be proven at trial; and

f. Award such other just and equitable relief as this Court deems appropriate.

Date:  April 4, 2025

_____
Christopher S. Berry (P68580)
Kevin B. Even (P38599)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff
100 Monroe Center St. NW
Grand Rapids, MI 49503
616-774-8000
cberry@shrr.com; keven@shrr.com

SHRR\6404139.v1