UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. MORSE, JR.
MARITAL TRUST,

        Plaintiff,

v.

EVP HOLDINGS, LLC et al.,

        Defendants.
_____/

Case No.  1:25-cv-364

HON. ROBERT J. JONKER

## ORDER

Plaintiff initiated this action on April 1, 2025, for securities fraud and related claims against multiple defendants, including EGC Enterprises, LLC. (ECF No. 1).  On April 23, 2025, an attorney for the state-appointed Receiver of EGC Enterprises, LLC, filed a documented entitled "Notice of Receivership and Stay of Litigation." (ECF No. 10). The Notice asserts: "In accordance with the Receivership Order, all proceedings against Defendant , EGC Enterprises, LLC are stayed." *Id*., at PageID.52.

The Court appreciates notice of the state receivership affecting one of the named defendants, but the Court does not agree that an Order in a state court receivership operates as a stay—automatically or otherwise--of federal proceedings against any of the defendants here. State courts generally lack power to enjoin Federal proceedings.  See *Princess Lida v. Thompson*, 305 U.S. 456, 466 (1938) ("[W]here the judgment sought is strictly *in personam*, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other."); *Donovan v. City of Dallas*, 377 U.S. 408, 412-13 (1964) ("[S]tate courts are completely without power to

restrain federal-court proceedings in *in personam* actions . . . And it does not matter that the prohibition here was addressed to the parties rather than to the federal court itself."). This is also true of state receiverships in particular. *Matter of Freed & Co.*, 534 F.2d 1235, 1239 (6th Cir. 1976) ("In view of the fact that Congress has empowered the Bankruptcy Court to enjoin state court proceedings, we do not believe that the act of naming a Receiver in the state court operates at the time or by a lapse of time thereafter to deprive the Federal Court of that power.")

If the Receiver—or any party to this case—believes a stay is appropriate, such party must file a motion and the Court will consider it under the ordinary principles of federal law and procedure. *See, e.g., Brackin v. Waupaca Elevator Company, Inc.*, 2022 WL 1651199 (E.D. Wisc. May 24, 2022) (denying motion to stay filed by receiver appointed by Wisconsin state court). The Court makes no pre-judgment about the outcome of such a motion here. The Court simply notes for the benefit of the parties to this case that the Court does not consider a stay to be in effect and will continue to operate on the normal timelines and under the ordinary rules of Federal Civil Procedure unless and until this Court enters its own stay, or unless and until a federal bankruptcy filing triggers the automatic federal statutory stay.

**IT IS SO ORDERED.**

Dated:  April 24, 2025                   /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE