UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

---

**JAMES A. MORSE JR. MARITAL TRUST,**         FILE NO. 1:25-cv-00364

              Plaintiffs,         HON. ROBERT J. JONKER

v

**EVP HOLDINGS, LLC, a Michigan limited
Liability company, ECG ENTERPRISES, LLC,
a Michigan limited liability company, MATTHEW
LAVENDER, and CRAIG FLOCKEN, jointly
and severally**
              Defendant.

---

| | |
|---|---|
| Christopher S. Berry (P68580) | Donald L. Sappanos (P43542) |
| Kevin B. Even (P38599) | DONALD L. SAPPANOS, P.C. |
| SMITH HAUGHEY RICE & ROEGGE | Attorney for Defendants |
| Attorneys for Plaintiff | 1595 W. Centre, Suite 100 |
| 100 Monroe Center St. NW | Portage, MI 49024 |
| Grand Rapids, MI 49503 | (269) 375-7713 |
| (616) 774-8000 | |

---

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## FIRST AMENDED COMPLAINT

Now come the Defendants by their attorney, Donald L. Sappanos, of Donald L. Sappanos, P.C., and files the following as their Answer to Plaintiff's First Amended Complaint:

### PARTIES

1. Plaintiff, the James A. Morse Jr. Marital Trust ("JMJ Trust") u/a/d June 29, 1995, is a legally established trust in accordance with the laws of the State of Michigan.

   RESPONSE:   Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

2. Defendant, EVP Holdings, LLC ("{EVP") is a Michigan limited liability company with a registered office at 1060 River Road West, Battle Creek, Michigan, and principal place of business in the State of Michigan.

   RESPONSE:   Defendant admits.

3. Defendant, EGC Enterprises, LLC ("EGC") is a Michigan limited liability company with a registered office at 1060 River Road West, Battle Creek, Michigan, and principal place of business in the State of Michigan and does business under the name of Evolution Grow Company.

   RESPONSE: Defendant admits.

4. Defendant, Matthew Lavender ("Lavender") is an individual residing in the State of Michigan and the registered agent of EVP.

   RESPONSE: Defendant admits.

5. Defendant, Craig Flocken ("Flocken") is an individual residing in the State of Michigan and the registered agent of EGC.

   RESPONSE: Defendant admits.

## JURISDICTION AND VENUE

6. Under 28 U.S.C. §1331, federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. This includes claims brought under the Securities Act of 1933 and the Securities Exchange Act of 1934.

   RESPONSE: Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

7. Federal courts have exclusive jurisdiction over violations of the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder.

   RESPONSE: Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

8. The matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and attorney fees.

   RESPONSE: Defendants admit.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

   RESPONSE: Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

10. Venue is proper pursuant to 28 U.S.C. ¸1391(b)(2) and 15 U.S.C. ¸77aa as a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Michigan. Additionally, venue is proper pursuant to contractual agreement.

   RESPONSE: Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

## GENERAL ALLEGATIONS

11. Plaintiff incorporates the allegations of the preceding paragraphs by reference.

    RESPONSE: Defendants incorporate the allegations and responses of the preceding paragraphs by reference.

12. Evolutions Holding, LLC ("Evolutions Holding") is a Michigan Limited Liability Company having a registered office at 2370 E. Stadium Boulevard, #320, Ann Arbor, Michigan.

    RESPONSE: Defendants admit.

13. EGC Processing, LLC ("EGC Processing") is a Michigan Limited Liability Company having a registered office at 1060 River Road West, Battle Creek, Michigan.

    RESPONSE: Defendants admit.

14. EVLA Processing LLC ("EVLA Processing") is a Michigan Limited Liability Company having a registered office at 1060 River Road West, Battle Creek, Michigan.

    RESPONSE: Defendants admit.

15. HEVO3 LLC ("HEVO3") is a Michigan Limited Liability Company having a registered office at 1060 River Road West, Battle Creek, Michigan and does business under the assumed name of "House of Evolution Muskegon Heights" in Muskegon County, Michigan.

    RESPONSE: Defendants admit.

16. EVP, EGC, Evolutions Holding, EGC Processing, EVLA Processing and HEVO3 (the "Evolution Companies") are all managed and controlled by Lavender and Flocken.

    RESPONSE: Defendants admit.

17. Based on representations of Lavender and Flocken during 2022 and 2023 Plaintiff, The Robert J. Rose Trust, The James Morse A. Trust & Leah Rae Morse Trust, the Leah Rae Morse Trust, Nathan Morse, Andrew Morse and Robert Morse (collectively "Morse

Family") made substantial monetary investments in the Evolution Companies ("Morse Family Investments") totaling Four Million Seven Hundred Thousand Dollars ($4,700,000.00)

   RESPONSE:   Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

18. The beneficiaries of the trusts identified in the foregoing paragraph and the individually named persons are all members of the Morse Family and all of whom, directly or indirectly were to benefit from the Morse Family Investments.

    RESPONSE:   Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

19. At various times during the months of February, March and April 2024, Lavender and Flocken represented to Plaintiff's trustee, Robert J. Morse ("RJM") that an additional infusion of capital was necessary to protect the Morse Family Investments.

    RESPONSE:   Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

20. The representations included a promise that if RMJ "loaned/invested" another One Million Five Hundred Seventy-Five Thousand Dollars ($1,575,000.00) the money would be used for very specific improvements to make the Evolution Companies profitable and the improvements would allow for an additional revenue generation, on the conservative side, One Million Dollars ($1,000,000.00) in annual profits.

    RESPONSE:   Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

21. Lavender and Flocken advised RJM that if "loaned/invested" another One Million Five Hundred Seventy-Five Thousand Dollars ($1,575,000.00) to EVP and EGC, there would be monthly interest payments of Twenty-Two Thousand Nine Hundred Seventy Dollars ($22,970.00) and RJM would receive four (4) additional shares of EVP and four (4) additional shares of EGC and fifteen (15) additional shares of HEVO3.  It was further promised that if the principal amount was not paid in full by the twelve (12) month maturity date, the APR increases to twenty percent (20%) for the next ninety (90) days, after that it increases to twenty-five percent (25%) APR until paid in full.

    RESPONSE:   Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

22. Lavender and Flocken represented to RJM that the infusion of capital was specifically earmarked for capital improvement to benefit the Evolution Companies to make them more profitable production and processing that would make the Morse Family Investments more valuable.

RESPONSE: Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

23. The representations of Lavender and Flocken included a commitment that the "$1,575,000 Loan/Investment" would be used for "Pre-Roll Machine/Infusion Options/Grinder" and would be used to "complete the Muskegon Processing Center."

    RESPONSE: Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

24. On or about April 10, 2024 and in reliance on the presentations of Lavender and Flocken, James A. Morse J. Marital Trust provided One Million Five Hundred Seventy-Five Thousand Dollars ($1,575,000.00) ("Loan/Investment") to EVP and EGC and received a promissory note ("Note") for said amount from EVP and EGC along with additional shares of EVP, EGC, and HEVO3 to be issued to certain members of the Morse Family. See **ECG No. 1-1.**

    RESPONSE: Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

25. The representations of Lavender and Flocken as set for herein were false when made and known to be false by Lavender and Flocken.

    RESPONSE: Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

26. At the time the representations above were made Lavender and Flocken knew the proceeds of the Loan/Investment would not be used as promised and were in fact were used for other purposes.

    RESPONSE: Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

27. The Note provided that the principal amount of the Note, One Million Five Hundred Seventy-Five Thousand Dollars ($1,575,000.00) would be paid on April 5, 2025 and would accrue interest at the rate of seventeen and one-half percent (17.5%) per annum.

    RESPONSE: Defendants admit.

28. The Note further provided that all accrued interest in arrears would be payable monthly beginning May 5, 2025, and thereafter on the fifth (5th) day of each month.

    RESPONSE: Defendants admit.

29. The Note further provided that if the payment terms exceed twelve (12) months, the

interest due would increase to twenty percent (20%) per annum following April 5, 2025.

RESPONSE: Defendants admit.

30. The Note further provided that if the principal was not paid by April 5, 2025 the rate of interest would increase to twenty-five percent (25%) per annum until paid.

RESPONSE: Defendants admit.

31. The Note is in default as EVP and EGC have failed to make payments when due.

RESPONSE: Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

## COUNT 1 – VIOLATIONS OF EXCHANGE ACT SECTION 10(b) and RULE 10b-5

32. Plaintiff incorporates the allegations of the preceding paragraphs by reference.

RESPONSE: Defendants incorporate the allegations and responses of the preceding paragraphs by reference.

33. By reason of the conduct described above, Lavender and Flocken, in connection with the sale of securities to Plaintiff, by the use of the means and instrumentalities of interstate commerce or the mails, directly or indirectly, knowingly or recklessly (1) employed devices, schemes, or artifices to defraud and (2) made untrue statements of material faces and omitted to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading, and (3) engaged in acts, practices, or courses of businesses which operated as a fraud or deceit upon Plaintiff, as a purchase of securities.

RESPONSE: Defendants deny said allegations as being untrue.

34. All the misstatements and false statements made by Lavender and Flocken to Plaintiff, as aforesaid, were material, and were relied upon by Plaintiff in making its Loan/Investment decisions. Similarly, the information omitted as aforesaid would have been material to each Plaintiff's Loan/Investment decision.

RESPONSE: Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

35. Lavender and Flocken knew these representations were false and made those representations knowing that Plaintiff was unaware that they were false and would reasonably rely upon them to Plaintiff's detriment. Lavender and Flocken also knew that they were omitting information that would have been material to Plaintiff's Loan/Investment decisions had such information not been omitted, and such omissions

were intentional by Lavender and Flocken.

    RESPONSE:   Defendants deny said allegations as being untrue.

36. Plaintiff relied upon and would not have purchased the securities if it had known of Lavender and Flocken's misrepresentations, false statements, and omissions.

    RESPONSE:   Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

37. As a direct and proximate result, Plaintiff has been damaged by, and suffered economic loss, directly from Lavender and Flocken's misrepresentations, false statements, and omissions, in the amount of One Million Five Hundred Seventy-Five Thousand Dollars ($1,575,000.00) that was provided in exchange for the Note.

    RESPONSE:   Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

38. Defendants' conduct, actions and omissions as set forth herein constitute a violation of 15 USC ˍ78j and 17 CFR ˍ240.10b-5.

    RESPONSE:   Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

## COUNT II – CONVERSION IN VIOALTION OF MICHIGAN CODIFIED LAWS ˍ600.2919a

39. Plaintiff incorporates the allegations of the preceding paragraphs as if fully rewritten herein.

    RESPONSE:   Defendants incorporate the allegations and responses of the preceding paragraphs as if fully rewritten herein.

40. Lavender and Flocken improperly exercised control over some of Plaintiff's Loan/Investment funds by converting a portion of those funds directly to their personal benefit.

    RESPONSE:   Defendants deny said allegations as being untrue.

41. Lavender and Flocken's conversion of Plaintiff's Loan/Investment took place in Michigan.

    RESPONSE:   Defendants deny said allegations as being untrue.

42. As a result of Lavender and Flocken's conversion, Plaintiff is entitled to treble the

amount of actual damages pursuant to Michigan Codified Laws ˍ600.2919a, in an amount to be proven at trial, and their attorney fees.

RESPONSE:   Defendants deny said allegations as being untrue.

### COUNT III – FRAUD

43. Plaintiff incorporates the allegations of the preceding paragraphs as if fully rewritten herein.

    RESPONSE:   Defendants incorporate the allegations and responses of the preceding paragraphs as if fully rewritten herein.

44. Lavender and Flocken made false representations concerning EVP and omitted material facts concerning how the proceeds from the Loan/Investment would be used to benefit EVP when they had a duty to make such disclosures, as set forth above.

    RESPONSE:   Defendants deny said allegations as being untrue.

45. Lavender and Flocken's misrepresentations and omissions were made with the knowledge that they were false and material or with reckless disregard to the truth of those misrepresentations and omissions.

    RESPONSE:   Defendants deny said allegations as being untrue.

46. Lavender and Flocken's misrepresentations and omissions were made with the intent that Plaintiff would rely on those misrepresentations and omissions.

    RESPONSE:   Defendants deny said allegations as being untrue.

47. Plaintiff reasonably relied on Lavender and Flocken's misrepresentations and omissions to its detriment and directly and proximately suffered damages a result in an amount to be proven at trial.

    RESPONSE:   Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

48. Lavender and Flocken's fraudulent misrepresentations and omissions were willful, wanton and malicious and had a substantial probability of causing harm and therefore constitute aggravated and egregious fraud entitling Plaintiff to punitive damages.

    RESPONSE:   Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

## COUNT IV – CONSTRUCTIVE TRUST

49. Plaintiff incorporates the allegations of the preceding paragraphs as if fully rewritten herein.

    RESPONSE: Defendants incorporate the allegations and responses of the preceding paragraphs as if fully rewritten herein.

50. Lavender and Flocken obtained Plaintiff's Loan/Investment funds through fraud, actual or constructive, by commission of wrong, and by unconscionable conduct artifice, concealment, or questionable means, and expended a portion of said funds for their own personal benefit and for the benefit of Lavender's wife.

    RESPONSE: Defendants deny said allegations as being untrue.

51. Lavender and Flocken should not, in equity and good conscience, be allowed to continue to hold and enjoy Plaintiff's Loan/Investment funds that it expended for such personal benefit, and such funds should be held in constructive trust for the benefit of and returned to Plaintiff.

    RESPONSE: Defendants deny said allegations as being untrue.

## COUNT V – BREACH OF CONTRACT

52. Plaintiff incorporates the allegations of the preceding paragraphs as if fully rewritten herein.

    RESPONSE: Defendants incorporate the allegations and responses of the preceding paragraphs as if fully rewritten herein.

53. On or about April 10, 2024 and in reliance on the representations of Lavender and Flocken, James A. Morse Jr. Marital Trust caused One Million Five Hundred Seventy Five Thousand Dollars ($1,575,000.00) to be wired into an account as directed by EVP and in return Plaintiff received the "Note" for said amount from EVP and EGC.

    RESPONSE: Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

54. Lavender signed the Note on behalf of EVP.

    RESPONSE: Defendant admits.

55. Flocken signed the Note on behalf of EGC.

    RESPONSE: Defendant admits.

56. Under Michigan law, the Note is a binding contract from which a breach of contract claim can arise.

    RESPONSE: Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

57. EVP and EGC have materially breached the terms of the Note by, among other things, failing to make payments to Plaintiff pursuant to its terms.

    RESPONSE: Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

58. Plaintiff has suffered actual damages and economic loss in at least the amount of One Million Five Hundred Seventy-Five Thousand Dollars ($1,575,000.00) plus interest, costs, and attorney fees, as a direct and proximate result of Lavender and Flocken's breaches of the contract.

    RESPONSE: Defendants neither admit nor deny for the reason they are without sufficient information to answer and leave Plaintiff to its strict proofs.

## COUNT IV – CIVIL CONSPIRACY

59. Plaintiff incorporates the allegations of the preceding paragraphs as if fully rewritten herein.

    RESPONSE: Defendants incorporate the allegations and responses of the preceding paragraphs as if fully rewritten herein.

60. Lavender and Flocken conspired together with other persons, known and unknown, the market, sell and other participate in the illegal sale or investments in violation of law and public policy, to fraudulently conceal its unlawful activity, and to unjustly enrich themselves at the expense of Plaintiff.

    RESPONSE: Defendants deny said allegations as being untrue.

61. Lavender and Flocken committed numerous acts, separate and apart from the formation of the conspiracy, in furtherance of the conspiracy and its unlawful ends.

    RESPONSE: Defendants deny said allegations as being untrue.

62. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

    RESPONSE: Defendants neither admit nor deny for the reason they are without

sufficient information to answer and leave Plaintiff to its strict proofs.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that this Honorable Court dismiss Plaintiff's Complaint and award to Defendants their costs, including actual attorney fees, and whatever other relief is warranted and just.

Dated: July 31, 2025

/s/ *Donald L. Sappanos (P43542)*
Donald L. Sappanos (P43542)
DONALD L. SAPPANOS, P.C.
Attorney for Defendants
1595 W. Centre, Suite 100
Portage, MI 49024
(269) 375-7713