UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. MORSE JR. MARITAL
TRUST,

    Plaintiff,

v.

EVP HOLDINGS, LLC, a Michigan
limited liability company, EGC
ENTERPRISES, LLC, a Michigan limited
liability company, MATTHEW
LAVENDER, and CRAIG FLOCKEN,
jointly and severally,

    Defendants.

CASE NO. 1:25-cv-00364

HON. ROBERT J. JONKER

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for November 17, 2025 at 3:00 pm, before the Honorable Robert J. Jonker. Appearing for the parties as counsel will be:

    For Plaintiff:    Christopher S. Berry/Kevin B. Even

    For Defendants:    Donald L. Sappanos

1. **Jurisdiction:** The basis for the Court's jurisdiction is Plaintiff's claims brought under the Securities Act of 1933 and the Securities Exchange Act of 1934 as provided for in 28 U.S.C. § 1331.

2. **Jury or Non Jury:** This case is to be tried to the bench.

3. **Judicial Availability:** The parties agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. **Statement of the Case:** This case involves:

**Statement of Plaintiff:** The James A. Morse Jr. Marital Trust, through its Trustee, Robert J. Morse, invested One Million Five Hundred Seventy-Five Thousand Dollars ($1,575,000.00) to EVP Holdings, LLC, and EGC Enterprises, LLC. The investment represented capital provided in

exchange for promises of repayment and membership interests in the business venture of Defendants set forth below.

Plaintiff made the loans and investments in full reliance upon material representations made by Defendants, Matthew Lavender and Craig Flocken that were knowingly false when made. The capital provided was used for other purposes than as represented and it appears that Plaintiff has lost the full amount of the investment for which it now seeks recovery.

**Statement of Defendants:** Defendants deny the claims asserted by Plaintiff.

5. **Prospects of Settlement:** The parties believe the prospects of settlement to be high and are hopeful that an amicable resolution will be reached prior to December 31, 2025.

6. **Pendent State Claims:** As stated in Plaintiff's complaint, this case includes pendent state claims for conversion, fraud, constructive trust, breach of contract, and civil conspiracy.

7. **Joinder of Parties and Amendment of Pleadings:** The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by December 15, 2025.

8. **Disclosures and Exchanges:**

    a. FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures: December 15, 2025 for all parties.

    b. The Plaintiff expects to be able to furnish the names of Plaintiff's expert witness(es) by January 19, 2026. Defendants expect to be able to furnish the names of Defendants' expert witness(es) by February 23, 2026.

    c. It would be advisable in this case to exchange written expert witness reports as contemplated by FED R. CIV. P. 26(a)(2).

    d. Reports should be exchanged according to the following schedule: Plaintiff's reports to be provided by February 23, 2026, and Defendants' reports to be provided by March 23, 2026.

    e. The parties are unable to agree on voluntary production at this time.

9. **Discovery:** The parties believe that all discovery proceedings can be completed by April 30, 2026. The parties believe that a discovery period of this length is necessary, and appropriate. Demands have not been served by the parties as yet.

With respect to a discovery plan, the parties will endeavor to complete fact discovery by February 28, 2026, and then complete expert discovery by April 30, 2026. To the extent that there is an exception to this timeline, the parties will meet and confer to resolve any dispute. The parties understand that new fact witnesses may discovered such that they may be deposed after February 28, 2026 and, conversely, there may be witnesses with expertise who may be deposed before April 30, 2026, and the parties agree to be flexible on these timing issues.

The parties stipulate to be limited to the presumptive limit of 10 depositions set forth in FED. R. CIV. P 30. The parties will endeavor to live with the seven hour deposition duration limit set forth in FED. R. CIV. P. 30(d)(1), subject to requesting additional time from the Court if necessary, as contemplated by the rule.

The parties agree to the presumptive limit of 25 interrogatories as set forth in FED. R. CIV. P 33.

There are no presumptive limits on requests for production under FED. R. CIV. P 34 or requests for admissions under FED. R. CIV. P 36 and the parties do not agree to limits on these requests.

10. **Disclosure or Discovery of Electronically Stored Information:** The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: electronically stored information will be produced in PDF or native format.

    The parties agree that it is appropriate to put a protective order in place to protect proprietary information of parties and nonparties producing documents. It is agreed that the protective order will be used judicially. Counsel for the parties are in the process of preparing a protective order to present to the Court for consideration.

11. **Assertion of Claims of Privilege or Work-Product Immunity After Production:** It is expected that the protective order addressed in the preceding section will address the handling of privileged material inadvertently produced during discovery.

12. **Motions:** The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

    All parties reserve the right to file dispositive motions. The parties anticipate that all dispositive motions will be filed by June 12, 2026.

13. **Alternative Dispute Resolution:** In the interest of conserving judicial resources, the parties acknowledge that the Court will require parties to participate in some form of Alternative Dispute Resolution.

    Indicate what discovery, if any, is needed prior to conducting alternative dispute resolution in order to make alternative dispute resolution most effective. Indicate a preferred time frame for conducting alternative dispute resolution.

    The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: voluntary facilitative mediation (W.D. Mich. LCivR 16.3). The parties have not agreed to a deadline by which to mediate and would like some flexibility as to when mediation will be most productive. The parties agree that some discovery will be necessary prior to mediation.

14. **Length of Trial:** Counsel estimate the trial will last approximately 5 trial days total, allocated as follows: approximately 3 days for Plaintiff's case, and approximately 2 days for Defendants' case.

15. **Electronic Document Filing System:** Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must <u>file</u> documents electronically but <u>serve</u> *pro se* parties with paper documents in the traditional manner.

16. **Other:** N/A.

DATED: November 10, 2025

/s/ Christopher S. Berry
Christopher S. Berry (P68580)
Kevin B. Even (P38599)
SMITH HAUGHEY RICE & ROEGGE
100 Monroe Center NW
Grand Rapids, MI 49503-2082
616-774-8000
cberry@shrr.com
keven@shrr.com
*Attorneys for Plaintiff*

DATED: November 10, 2025

Donald L. Sappanos (P43542)
DONALD L. SAPPANOS, P.C.
1595 W. Centre, Suite 100
Portage, MI 49024
269-375-7713
sappanoslaw@sbcglobal.net
*Attorneys for Defendants*

SHRR\6591417.v1